This contract case is before the court on plaintiffs motion for summary judgment and defendant’s cross-motion for summary judgment. What we have here is a Wunderlich Act appeal, 41 U.S.C. §§321, 322 (1976), from a decision of the Armed Services Board of Contract Appeals (ASBCA) arising out of 158 separate claims. The dispute originated under a contract dated March 16, 1960, for work to be done at Picatinny Arsenal, Dover, New Jersey, involving paving and storm and sewer drainage. The work mentioned was subcontracted by plaintiff to Rae Construction Company on May 16, 1960. Rae, in turn, subcontracted the work to others.
When work commenced, underground obstructions not revealed in the bid specifications were encountered and resulted in delays and unexpected costs for extra work and changed conditions. The contracting officer allowed 85 of plaintiffs claims in part, and denied the rest, awarding plaintiff $17,089.87. As to its 158 claims, plaintiff appealed all of the decisions to the ASBCA, claiming almost one million dollars and time extensions. In a decision on October 30, 1972, the ASBCA granted plaintiff an equitable adjustment of $80,598. Isaac Degenaars Co., ASBCA Nos. 11045 and 11083, 72-2 BCA ¶ 9764 (1972), under contract No. DA-30-075-ENG-9185. This unanimous board opinion, which has been reviewed by the court, consists of 65 single-spaced pages, plus tables.
Plaintiff promptly sought reconsideration by the board which, in a unanimous 9-page decision dated December 6, 1974, affirmed its original decision in all respects except for one $7,533 item. 75-1 BCA ¶ 10998. Finally, a payment was *792 accepted by plaintiff in the amount of $88,131 on August 9, 1977. Plaintiff then executed a conditional release which reserved to it the right to contest 15 separate cost items which had been rejected by the board. On March 3, 1980, the petition was filed, claiming $785,299 with interest and costs. The entire dispute now relates to the alleged uncompensated losses under the subcontract. Plaintiff made a settlement agreement in 1967 that Rae Construction Company could sue in its name.
Defendant’s motion initially asserted a statute of limitations defense. That defense has been abandoned by defendant on the authority of B. D. Click Co. v. United States, 225 Ct. Cl. 605 (1980). What remains to be determined, therefore, is whether the ASBCA decisions have the finality mandated by the Wunderlich Act or whether they must be set aside as "fraudulent or capricious or arbitrary or so grossly erroneous as necessarily to imply bad faith, or not supported by substantial evidence,” or whether the decisions are erroneous as a matter of law. Plaintiffs motion states, "Moreover, there exists no genuine issue of material fact herein, and, as a matter of law, plaintiff is entitled to the relief prayed for.” Defendant, of course, stands on the board’s decisions which it believes to be sustainable under the standards of the Wunderlich Act. We therefore must address the merits of the ASBCA decisions.
At the outset, however, we are met by the peculiar fact that the complete administrative record required to be filed with the court has never been filed. Rule 164. Plaintiff represents that there are 11 volumes of transcripts made before the ASBCA but the court does not have them nor has plaintiffs counsel seen them, although he has sought to find them. The court has perhaps been less than adequately attentive to his several representations to it that plaintiff cannot prepare a proper motion without access to this record. Although, as noted above, plaintiffs motion states that no genuine issue of fact exists in the case, its reply to defendant’s cross-motion for summary judgment raises many issues of contested fact and does reassert its need for the administrative transcripts before it can fully present its case to the court. Certainly, under these circumstances, we cannot apply the Wunderlich tests because we too need the *793 record. Only three volumes of records have been filed with the court.
it is therefore ordered that defendant file the documentary record as required by Rule 164, including certification that the papers it files comprise the entire record. In this case a certified list of the documents in the administrative record will not suffice unless stipulated otherwise. Defendant’s counsel is charged with seeing to it that this is done within 30 days from the date of this order.
it is further ordered that, pursuant to Rule 54(a), the pending motions are referred to the trial division for consideration of such contentions as the parties may raise as to the 15 contested items reserved by plaintiff. The trial judge shall afford counsel additional time for briefing after he is satisfied that the necessary record has been filed. The trial judge shall file an opinion on the motions when all of the necessary record and briefing are available to him. The parties shall be accorded opportunity by the trial judge to amend their motions to enumerate and discuss each reserved item. Because the contract out of which this case arises was entered into in 1960, the court desires that this matter now proceed with all reasonable speed and with a minimum of time extensions, if any, for the additional briefing and amendment of motions.